In the Matter of the Claim of CATHERINE S. TUNIS, Appellant. PHILIP ROSS, as Industrial Commissioner of the State of New York, Respondent.

Third Department, June 14, 1979

## APPEARANCES OF COUNSEL

*Catherine S. Tunis,* appellant *pro se.*

*Robert Abrams, Attorney-General (Robert A. Feuerstein* and *Murray Sylvester* of counsel), for respondent.

### OPINION OF THE COURT

HERLIHY, J.

The claimant last worked at the Corning Glass Works, Corning, New York, and at the time she filed her claim she lived in the community of Painted Post, New York. It appears that there is a local unemployment insurance office in Corn-

ing, New York, and the claimant filed an original claim for benefits at the local office in Elmira, New York, on or about September 29, 1976. The Elmira office advised claimant that there was an office in Corning which was more convenient to her on or about October 13, 1976. On October 29, 1976 an initial determination was issued disqualifying her from benefits because she "failed to register as required", effective October 13, 1976. This disqualification was sustained on administrative review and the claimant seeks relief on appeal.

Section 596 of the Labor Law provides, in part, as follows:

"1. Claim filing and certification to unemployment. A claimant shall file a claim for benefits at the local state employment office serving the area in which he was last employed or in which he resides within such time and in such manner as the commissioner shall prescribe. * * *

"2. Registration and reporting for work. A claimant shall register as totally unemployed at a local state employment office serving the area in which he was last employed or in which he resides in accordance with such regulations as the commissioner shall prescribe. After so registering, such claimant shall report for work at the same local state employment office or otherwise give notice of the continuance of his unemployment as often and in such manner as the commissioner shall prescribe."

The regulations of the Industrial Commissioner are published in title 12 of the Official Compilation of Codes, Rules and Regulations of the State of New York (all reference to regulations hereinafter are to 12 NYCRR) and they provide, in pertinent part:

"Section 473.1 Filing of benefit claim. * * *

"(d) The claim for benefits shall be filed by the claimant in person at the unemployment insurance office or itinerant point of the Department of Labor which serves the area in which he was last employed or in which he resides * * *

"(h) The failure to file a claim in compliance with this section may be excused by the commissioner upon proper presentation by the claimant of the facts and circumstances if it is shown to the commissioner's satisfaction that they constitute good cause."

"473.2 Reporting by benefit claimants. (a) Each claimant shall report and certify to his unemployment, at specified days and hours established for him by the unemployment insurance office * * *

"(g) The failure to report in compliance with this section may be excused by the commissioner upon proper presentation by the claimant of the facts and circumstances if it is shown to the commissioner's satisfaction that they constitute good cause."

It is undisputed that the Industrial Commissioner's local office at Elmira did accept and process the claimant's original claim and that she did in fact receive some payments at the outset of her reporting to the Elmira office. While subdivision 1 of section 596 of the Labor Law appears to require that the claimant file her claim in Corning, New York, the statute expressly permits the filing and reporting to be subject to the Industrial Commissioner's direction.

As set forth hereinabove, the regulations appear to require filing the original claim in Corning in this case, however, subdivision (h) of section 473.1 expressly provides for a waiver of the filing requirements in the discretion of the Industrial Commissioner.

The board, had it so elected, could have excused the claimant if it had been established to the commissioner's satisfaction that there was good cause. However, it was found that: "The evidence establishes that the claimant failed to file a claim in accordance with the Section 40D of the rules and regulations of the Unemployment Insurance Law. Claimant had been advised by the local office in Elmira that her claim should be filed in Corning. Claimant failed to heed this directive and continued to file in Elmira. The section of the Law is quite clear that a claimant must register her claim in the local office which serves the area in which either she lives or worked. Claimant did not have any contact with the Elmira office under either of these two categories. Claimant could offer no valid reason as to why she continued to file at Elmira, rather than in Corning even after she had been told to do so. Claimant failed to comply with the registration requirements in this respect."

There is substantial evidence in the record to sustain the finding.

The decision should be affirmed, without costs.

SWEENEY, J. P., KANE, STALEY, JR., and MIKOLL, JJ., concur.

Decision affirmed, without costs.